UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RAYMOND FONTANEZ,

                              Plaintiff,      **COMPLAINT**

               -against-

                                         08 CV 6712 (DC) (FM)

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; SUPERVISOR P.O. JOHN DOE   ECF Case
# 1; P.O. DIAMOND; and POLICE OFFICER JOHN
DOES # 1-10; the individual defendants sued individually   Jury Trial Demanded
and in their official capacities,

                             Defendants.

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which plaintiff seeks relief for the violation

of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution.  The claims arise from an incident(s),

which occurred on or about November 5, 2005 through January 1, 2007.  During the incident the

City of New York, and members of the New York City Police Department ("NYPD") subjected

plaintiff to, among other things, false arrest and imprisonment, excessive force, unlawful search

and seizure, malicious prosecution, denial of medical care, retaliation, assault and battery, abuse

of process, unconstitutional conditions of confinement, fabricated evidence, conspiracy,

harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees,

negligent supervision, training and instruction of employees, and implementation and

continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks

compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees,

and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5.      Plaintiff Raymond Fontanez is a resident of State of New York, Bronx County.

6.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.      Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8.      Defendant Supervisor P.O. John Doe # 1 is a New York City Police supervisor employed with the 52nd Precinct, located in Bronx, New York who violated plaintiff's rights as described herein.

9.      Defendant P.O. Diamond is a New York City Police officer employed with employed with the 52nd Precinct, located in Bronx, New York who violated plaintiff's rights as described herein.

2

10.     Defendant Police Officer John Does # 1-10 are New York City Police Officers employed with the 52nd Precinct, located in Bronx, New York who violated plaintiff's rights as described herein.

11.     The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12.     The following is a summary set forth for the purpose of demonstrating and providing notice of plaintiff's claims against the defendants.  Plaintiff  has not set forth each and every fact concerning the incident(s) described below.

13.     On November 5, 2005, at approximately 6:30 p.m. at and in the vicinity of 207th Street Bainbridge Avenue, Bronx, New York, police officers assigned to the 52nd Precinct, including upon information and belief, defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and Police Officer John Does # 1-10, times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

14.     On November 5, 2005, at approximately 6:30 p.m., at and in the vicinity of 207th Street Bainbridge Avenue, Bronx, New York, defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and Police Officer John Does # 1-10, without either an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime, falsely arrested plaintiff.

15.     Plaintiff was walking on the sidewalk, as a volunteer with his uncle and two cousins for the campaign of Fernando Ferrer who was running for New York City Mayor, when without either an arrest or search warrant, reasonable suspicion, or probable cause that

plaintiff had committed a crime, defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and Police Officer John Does # 1-10, approached him.

16.     Once defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and Police Officer John Does # 1-10 approached plaintiff he was not free to disregard the defendants' questions, walk way or leave the scene.

17.     Plaintiff attempted to learn why the defendants had been stopped and questioned him.

18.     Rather than answer plaintiff's question, the defendants assaulted him.

19.     During the arrest of plaintiff, defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10, maliciously, gratuitously, and unnecessarily grabbed plaintiff, struck plaintiff, threw plaintiff to the ground, twisted plaintiff's arms, and placed excessively tight handcuffs on plaintiff's wrists.  Those defendant officers who did not touch plaintiff failed to protect him from these actions.  When plaintiff complained that the defendant officers' actions were illegal the defendant officers increased their level of mistreatment.

20.     Plaintiff was injured as a result of these acts.

21.     Thereafter, the defendants brought plaintiff to the 52nd Precinct, located in Bronx, New York.

22.     At the 52nd Precinct, defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10, maliciously, gratuitously, and unnecessarily kicked plaintiff, struck plaintiff, and placed plaintiff in an arm-lock while he was handcuffed.  Those defendant officers who did not touch plaintiff failed to protect him from these actions.  When plaintiff complained that the defendant officers' actions were illegal the defendant officers increased their level of mistreatment.

23.    Plaintiff was injured as a result of these acts, including receiving, among other injuries, a laceration to his arm, which required sutures to treat.

24.    In addition, when plaintiff informed the defendants that their conduct was unlawful and that he intended to file a complaint, Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10 removed plaintiff to North Central Bronx Hospital where he was kept for an unnecessary and unjustified psychiatric evaluation.

25.    Defendant Supervisor P.O. John Doe # 1 supervised P.O. Diamond, and P.O. John Does # 1-10 in the above-detailed unlawful conduct.

26.    Eventually, the defendants transported plaintiff to Bronx Central Booking for further processing.

27.    While at Central Booking plaintiff was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding, temperature extremes, and unsanitary toilet facilities.

28.    The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees, including plaintiff, who sought their assistance.

29.    While plaintiff was incarcerated at the 52nd Precinct and Central Booking awaiting arraignment, defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10, pursuant to a conspiracy, intentionally, falsely and maliciously told the Bronx County District Attorney's Office that plaintiff had committed a crime, and based on the defendant officers' false allegations, the District Attorney's Office decided to prosecute under Criminal Docket # 2005BX057899.

30.    After arraignment, plaintiff was remanded to the custody of the New York City Department of Correction for approximately two weeks, and detained at the Vernon C. Bain Center, located at 1 Halleck Street Bronx, New York, until his bail was reduced and he was released on bond.

31.    To cover up their misconduct, defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10 intentionally, knowingly and purposely provided false statements and information to the grand jury to cause plaintiff to be indicted.

32.    Defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10 initiated the above-stated malicious prosecution against plaintiff.

33.    Defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10 lacked probable cause to believe the above-stated malicious prosecution could succeed.

34.    Defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10 acted with malice to cover up their illegal and unconstitutional conduct by initiating the above-stated malicious prosecution.

35.    The above-stated malicious prosecution defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10 initiated caused a sufficient post-arraignment liberty restraint on plaintiff.

36.    After numerous court appearances, the above-stated malicious prosecution, initiated by defendants Supervisor P.O. John Doe # 1, P.O. Diamond, and P.O. John Does # 1-10, terminated in plaintiff's favor on or about January 1, 2007.

37.    The individual defendants acted in concert committing these illegal acts against plaintiff.

6

38.    The aforesaid events were not an isolated incident.  Defendants Commissioner Raymond W. Kelly and Police Supervisor P.O. John Doe # 1 have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.  Commissioner Raymond W. Kelly and Police Supervisor P.O. John Doe # 1 are further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, Commissioner Raymond W. Kelly and Police Supervisor P.O. John Doe # 1 have failed to take corrective action.   This failure caused the defendant officers in the present case to violate the plaintiff's civil rights.

39.    Moreover, Commissioner Raymond W. Kelly and Police Supervisor P.O. John Doe # 1 were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, Commissioner Raymond W. Kelly and Police Supervisor P.O. John Doe # 1 have retained these officers, and failed to adequately train and supervise them.

40.    Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

41.    The individual defendants did not observe plaintiff engaged in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

42.    At no time prior to, during or after the above incidents were individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

7

43.    As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FEDERAL CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

44.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

45.    The conduct of defendant officers, as described herein, amounted to false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, denial of medical care, retaliation, assault and battery, abuse of process, unconstitutional conditions of confinement, fabricated evidence, conspiracy, harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

46.    The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by committing false arrest and imprisonment, excessive force, unlawful search and seizure, malicious prosecution, denial of medical care, retaliation, assault and battery, abuse of process, unconstitutional conditions of confinement, fabricated evidence, conspiracy, harassment, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

8

47.     Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

48.     Defendants acted recklessly to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

49.     Defendants acted negligently to deprive plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

50.     As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

51.     The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL CLAIMS AGAINST DEFENDANT KELLY**

52.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

9

53.    Defendants Raymond W. Kelly is liable in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

54.    Upon information and belief, defendant Kelly was aware from notices of claim, lawsuits, complaints, and the NYPD's own observations that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

55.    Nevertheless, defendant Kelly exercised deliberate indifference by failing to take remedial action.

56.    The aforesaid conduct by defendant Kelly violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred, or at his Headquarters located in New York, New York, and creating a culture where officers are encouraged to ignore, harass, assault and violate those who question their authority, and acting in manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees.

57.    As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear,

10

psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

58.     The aforesaid conduct of defendant Kelly amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

## FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

59.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60.     The City of New York directly caused the constitutional violations suffered by plaintiff.

61.     Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from NYPD's own observations, that the defendant officers involved in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

62.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers.   Moreover, the City of New York failed to adequately investigate prior complaints against the defendant officers and created a culture where officers are encouraged to ignore, harass, assault and violate individuals without consequence.  Indeed, when individuals file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

63.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

64.     Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Costs, interest and attorney's fees;

d.     Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


DATED:     New York, New York
           July 28, 2008


                         MICHAEL O. HUESTON, ESQ.
                         *Attorney for Plaintiff*
                         350 Fifth Avenue, Suite 4810
                         New York, New York 10118
                         (212) 643-2900
                         mhueston@nyc.rr.com
                         By:


                         _____

                         MICHAEL O. HUESTON (MH-0931)